IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                    No. 3:24-cr-005-MPM-RP

MONTREAL HUDSON                                               Defendant

**ORDER**

This cause comes before the Court on Defendant Montreal Hudson's Motion for Judgment of Acquittal [102] and Motion for New Trial [103] filed after his conviction for conspiracy to commit wire fraud and conspiracy to commit money laundering. For the following reasons, both motions are denied.

**FACTS AND PROCEDURAL HISTORY**

Mr. Hudson's conviction arises out of his participation in a scheme to defraud the government by submitting fraudulent Paycheck Protection Program ("PPP") loan applications to the Small Business Association ("SBA"). The PPP was a COVID-19 pandemic relief program administered by the SBA that provided forgivable loans to small businesses for job retention and other related expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to qualifying small businesses. Trial testimony revealed that to qualify for a $20,000 loan, the borrower's business must have had an income of approximately $100,000 in 2019.

Zipora Hudson was the manager of Zippy Bee, LLC, a tax preparing service in Charleston, Tallahatchie County, Mississippi. Ms. Hudson used her position at Zippy Bee to assist borrowers in submitting false and fraudulent PPP loan applications. Ms. Hudson referred numerous clients to her son, Montreal Hudson, who would create the fraudulent PPP loan applications on their behalf

in exchange for payment. Many of these clients were unsophisticated borrowers who were unaware of what a PPP loan was and did not own a qualifying small business. Trial testimony from affected individuals confirmed that the PPP loans would not have been received absent Ms. Hudson's referral to her son, Montreal Hudson, who was responsible for creating the fraudulent loan applications.

In January 2023, the Grand Jury returned an Indictment charging Zipora Hudson, Montreal Hudson, and Deandre Jones[1] with conspiracy to commit wire fraud and conspiracy to commit money laundering, among other charges that were later dismissed at trial. On January 13, 2025, after a three-day jury trial, the jury convicted Montreal and Zipora Hudson on both conspiracy counts. Montreal Hudson subsequently filed Motion for Judgment of Acquittal [102] and Motion for New Trial [103].

## LEGAL STANDARDS

Federal Rule of Criminal Procedure 29(c) provides that a court may set aside a jury's verdict and enter a judgment of acquittal in a criminal case. The standard for reviewing such a motion is "whether a reasonable jury could conclude that the evidence presented, viewed in the light most favorable to the government, established the defendant's guilt beyond a reasonable doubt." *United States v. Duncan*, 164 F.3d 239, 242 (5th Cir. 1999) (citing *United States v. Pennington*, 20 F.3d 593, 597 (5th Cir.1994)). While the court may "weigh evidence and assess the credibility of the witnesses during its consideration of the motion for new trial, . . . [n]o such discretion is allowed when the court decides a motion for a judgment of acquittal." *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997) (citing *Tibbs v. Florida*, 457 U.S. 31, 37–38 (1982)).

---

[1] Deandre Jones pled guilty to Count One and Count Five of the Indictment.

Rule 33(a) of the Federal Rules of Criminal Procedure allows a court to grant a new trial "if the interest of justice so requires." In considering a motion under Rule 33(a), "[t]he trial judge may weigh the evidence and assess the credibility of the witnesses[.]" (quoting *United States v. Arnold*, 416 F.3d 349, 360 (5th Cir. 2005)) (additional citation omitted). The district court's discretion, however, is not unlimited as it "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Id*. (quoting *Arnold*, 416 F.3d at 360; *Robertson*, 110 F.3d at 1118). Instead, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id*. (quoting *Arnold*, 416 F.3d at 360; *Robertson*, 110 F.3d at 1118).

## DISCUSSION

To obtain a conviction for conspiracy to commit wire fraud, the government must prove beyond a reasonable doubt that (1) two or more persons made an agreement to commit wire fraud; (2) that the defendant knew the unlawful purpose of the agreement; and (3) that the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose. 18 U.S.C. §§ 1343, 1349. Likewise, to prove a conspiracy to commit money laundering, the government must prove beyond a reasonable doubt that (1) two or more persons made an agreement to commit money laundering; (2) that the defendant knew the unlawful purpose of the agreement; and (3) that the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose. 18 U.S.C. §§ 1956(h).

Mr. Hudson claims he is entitled to an acquittal because the jury's verdict was against the overwhelming weight of the evidence and evinced bias and prejudice against him. However, Mr. Hudson does not allege any specific facts demonstrating bias or prejudice toward him. Moreover, when evaluating a motion for acquittal, this Court may not re-weigh the evidence or assess the

credibility of the witnesses but must evaluate whether a reasonable jury could conclude that the evidence presented, viewed in the light most favorable to the government, established the defendant's guilt beyond a reasonable doubt. The jurors are the ultimate arbiters of a witness's credibility, and the evidence should be viewed in the light most favorable to their verdict. *United States v. Shoemaker*, 746 F.3d 614, 623 (5th Cir. 2014); *United States v. Osum*, 943 F.2d 1394, 1405 (5th Cir.1991). Given the overwhelming weight of the evidence, this Court finds that the government met its burden.

Mr. Hudson further claims that he is entitled to a new trial because the verdict is against the weight of the evidence and contrary to principles of justice and equity. Mr. Hudson's motion for a new trial does not allege any specific issues with the jury's verdict or the evidence presented by the government at trial but instead makes only generic claims. In viewing the evidence in the light most favorable to the jury's verdict, the Court finds there was sufficient evidence to support Mr. Hudson's conviction.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that Defendant's Motion for Judgment of Acquittal [102] and Motion for New Trial [103] are **DENIED**.

SO ORDERED this the 19th day of February, 2025.

    /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI